UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Lester, | ) C/A No. 4:12-00016-TMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| State Assistant Attorney General Karen C. Ratigan, | ) Report and Recommendation |
| Defendant. | ) |

Steve Lester,("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Perry Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as frivolous.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which

relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

This Court is required to liberally construe pro se documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff indicates that the Defendant, Karen C. Ratigan, is an Assistant Attorney General in South Carolina. ECF No. 1, page 3. Defendant Ratigan was allegedly involved in the litigation of Plaintiff's post conviction relief (PCR) action, filed on July 28, 2008. *Id.* Petitioner claims that

2

Defendant Ratigan "dismissed my P.C.R. claiming I didn't have support [for] the request for relief." *Id.* Plaintiff further alleges that Defendant Ratigan signed "her signature on the dismissal for the Judge." *Id.* Thus, the Complaint claims that Defendant Ratigan has violated Plaintiff's right to due process and has denied Plaintiff access to the courts. *Id.* Plaintiff seeks monetary damages and "the 35 years" he was promised as part of a plea bargain in 1975. *Id.* at 4.

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While Plaintiff claims a violation of his constitutional rights by an alleged state actor, the instant case is subject to summary dismissal because it fails to state a claim upon which relief may be granted and because it is a frivolous duplicate filing. This is the second § 1983 action filed by Plaintiff in this Court, alleging denial of due process and denial of court access by Defendant Ratigan. *See Steve Lester v. Assistant Attorney General Karen C. Ratigan*, Civil Action No. 4:11-

2995-TMC-TER (D.S.C.)(summarily dismissed on January 9, 2012).[1]  Like the instant pleading, Plaintiff's previous case claimed that Defendant Ratigan "dismissed [Plaintiff's] P.C.R. . . . claiming it did not support the request of relife [sic]."  *Id.* at ECF No. 1, page 3.  Plaintiff's previous civil action also alleged that Defendant Ratigan "signed the conditional order of the dismissal" and "violated 14 Amendment denial access to the court also due process."  *Id.*  The instant pleading essentially reiterates the claims presented in Plaintiff's prior civil action against Defendant Ratigan, and provides no new factual allegations.

First, Plaintiff's claim for damages in the Complaint *sub judice* is barred by the doctrine of prosecutorial immunity. The Report and Recommendation issued in Plaintiff's prior case naming Defendant Ratigan explained that, in South Carolina, the Attorney General is the chief prosecuting officer of the State of South Carolina. *See* S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310 (1976).  The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process. *See Williams v. Condon*, 553 S.E.2d 496 (S.C. App. 2001); *Garrett v. McMaster*, 7:07-2952-HFF-WMC, 2008 WL 3411673 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case). *Cf. Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). A prosecutor's

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

"protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions." *Wilder v. Brooks*, C/A No. 3:08-3089-MBS-JRM, 2009 WL 291065, at *4 (D.S.C. Feb. 4, 2009), *appeal dismissed*, No. 09-6381, 2009 WL 2606914 (4th Cir. Aug. 20, 2009). The present Complaint again sues Defendant Ratigan for conduct related to her actions as a prosecuting attorney in Plaintiff's PCR action. This alleged conduct is intricately related to the judicial process and to the State's involvement in upholding a conviction. Therefore, Defendant Ratigan has absolute immunity from Plaintiff's claim for damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Next, Plaintiff requests that he be granted "35 years" promised in a 1975 plea bargain. As discussed in the Report and Recommendation in Plaintiff's prior § 1983 case, such relief is not available under that Statute. This Court has jurisdiction under 28 U.S.C. § 2254 to grant habeas corpus relief to a state prisoner in certain circumstances. However, if Plaintiff is attempting to be released from prison by requesting PCR relief, release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

As demonstrated above, Plaintiff's claims against Defendant Ratigan in the instant Complaint are subject to summary dismissal for failure to state a claim upon which relief may be granted. Further, as the issues involved in the Complaint *sub judice* have been addressed in Plaintiff's prior

5

case, this duplicate § 1983 Complaint is frivolous. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000)("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998)("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party".). Therefore, in the interests of judicial economy and efficiency, the instant Complaint should be summarily dismissed. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

## Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed as frivolous, *without* prejudice. It is also recommended that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009)(noting that a dismissal for frivolousness that is rendered without prejudice may permit a strike designation).

                                     s/Thomas E. Rogers, III
                                     Thomas E. Rogers, III.
                                     United States Magistrate Judge

March 9, 2012
Florence, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).